UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

NEIL A. JENSEN,

          Plaintiff,

  v.

BNSF RAILWAY COMPANY

          Defendant.

No. 3:13-cv-05955-HSG (LB)

**ORDER RE DISCOVERY LETTER BRIEF AT ECF NO. 53**

## INTRODUCTION

The plaintiff Neil Jensen alleges that his former employer BNSF Railway violated the Federal Rail Safety Act, 49 U.S.C. § 20109, when it charged him with rules violations, disciplined him, and fired him based on his absence from work, an absence that he claims was justified because he injured his wrist. (Complaint, ECF No. 1.[1]) The statute generally prohibits disciplining and firing employees for their protected conduct, which includes an employee's following the orders or treatment plan of a treating physician. *See* 49 U.S.C. § 20109(c)(2). The parties filed a joint letter brief disputing whether Mr. Jensen can depose Charles Shewmake, BNSF's General Counsel, and Lyn Robbins, BNSF Senior General Attorney.[2] (Joint Letter Brief, ECF No. 53.) Mr. Jensen noticed

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

[2] This is the exact title listed in the letter brief.

3:13-cv-05955-HSG (LB)
ORDER

the depositions for May 14, 2015, and the parties filed their letter brief the same day. (*Id.* at 1.) BNSF also asks for sanctions. The court held a hearing on May 19, 2015. At the hearing, Mr. Jensen notified the court and BNSF that he was withdrawing his deposition notices. The court denies BNSF's motion for a protective order as moot and denies the motion for sanctions.

**STATEMENT**

Mr. Jensen deposed fact witnesses responsible for his firing. (Joint Letter Brief, ECF No. 53 at 3.) Depositions and discovery have addressed training for BNSF employees regarding attendance violations, including training on section 20109. (*Id.*) "BNSF will be providing additional testimony on this subject and producing a 30(b)(6) witness, by Order of this Court dated May 11, 2015." (*Id.*) Mr. Jensen has deposed BNSF's General Manager of the California division, its HR director, its director of Labor Relations, its Planning Trainmaster, Fresno, its Road Foreman of Engines, Fresno, its Trainmaster, Fresno, and its Terminal Manager, Fresno. (*Id.*) Nothing in the documents or testimony to date suggests that Mr. Shewmake or Mr. Robbins have knowledge relevant to Mr. Jensen's claims. (*See id.*, reviewing discovery.) There are three emails, all identified in the privilege log, that appear privileged. (*See id.*) The date of the emails is less than one month before Mr. Jensen filed a complaint with the Secretary of Labor's Region 9 OSHA Whistleblower Office and days after Mr. Jensen's counsel wrote to BNSF, threatening litigation. (*Id.* at 5.)

In the letter brief, Mr. Jensen said that he would withdraw the deposition notices if BNSF stated on the record that "neither witness knew of the requested accommodations of Plaintiff, that the accommodations were rejected, that the attendance violations were being charged to Plaintiff and that the determination was contemplated any time prior to the actual termination. Further, Plaintiff would like representation that neither witness has any unique knowledge pertaining to training to 20109 [sic]. Plaintiff asks for this to ensure that by foregoing depositions, Plaintiff will not be subject to unfair surprise testimony at trial." (*Id.* at 2.)

BNSF asks for sanctions because it views the noticing of the depositions as a tactic to gain a litigation advantage (presumably for settlement). (*Id.* at 1-2.) Part of the reason for its conclusion is that Mr. Jensen's counsel offered during a May 5, 2015 meet-and-confer to withdraw the deposition notices "subject to re-noticing their depositions at a later date and then simultaneously serving a deposition

notice for Ms. Smith." (*Id.* at 1.) A footnote at the end of this sentence says, "BNSF is also seeking a protective order for Ms. Smith." (*Id.* at 1 n.1.)

At the May 19, 2015 hearing, BNSF's counsel confirmed that Messieurs Shewmake and Robbins are not trial witnesses. Mr. Jensen said that he was withdrawing the deposition notices. The depositions would have been depositions nine and ten.

## ANALYSIS

Mr. Jensen withdrew his notice for the depositions, and thus the issue is moot. But because BNSF asks for sanctions, the court addresses the merits of the depositions.

The case involves punitive damages. (5/11/15 Order, ECF No. 51 at 2-3.) The discovery is aimed at Mr. Jensen's position that he was fired because of absences that were justified for medical reasons. (*Id.* at 3.) But Mr. Shewmake and Mr. Robbins are not fact witnesses, they will not be trial witnesses, and whatever involvement they had appears entirely privileged. To the extent that they have knowledge of training and procedures, the discovery into these areas is extensive already, and other people with knowledge have been deposed. Any questions about the company's training can be addressed through the Rule 30(b)(6) witness.

That being said, on this record, the court denies BNSF's motion for sanctions. Many things could be driving how discovery is being handled, including new lawyers on the case for Mr. Jensen (given Ryan Otis's apparent departure from the firm two weeks ago) and the close of fact discovery.

The letter brief also says that "BNSF is also seeking a protective order for Ms. Smith." (Joint Letter Brief, ECF No. 3 at 1 n.1.) The letter brief does not discuss Ms. Smith again. From the last dispute that arose during Ms. Smith's deposition, the court knows that Ms. Smith is a director and an attorney. (5/11/15 Order, ECF No. 51 at 1-2.) The court already issued an order addressing the disputes about Ms. Smith's testimony. (*Id.*)

## CONCLUSION

This disposes of ECF No. 53.

**IT IS SO ORDERED.**

Dated: May 19, 2015

_____
LAUREL BEELER
United States Magistrate Judge