

JAMES J. YUKEVICH ••  SAMSON C. HUANG •
TODD A. CAVANAUGH ♣∇◊  DANIEL S. CHO
STEVEN D. SMELSER †  NINA J. KIM
THOMAS BORNCAMP  IRINA SLAVINA *
DELMAR S. THOMAS  JEFFREY W. CALIGIURI
CRISTINA M. CIMINELLI  SARA M. GRECO
RAYMOND H. HUA  DUSTIN BODAGHI
PAUL C. WHITE II  LAURA N. JAMES
DAVID A. TURNER ♣  ELIZABETH M. OLSEN ‡
PATRICK J. CIMMARUSTI  ANDREA C. MCCARTHY
CHRIS S. PACETTI  NOUSHAN NOUREDDINI
STEVEN S. VAHIDI •∅  BRIAN W. SKALSKY
JACQUELYN J. SUGAPONG ∆&  JUSTIN M. MARVISI ±
BRYAN C. ZAVERL  BRIAN P. CADIGAN
BOBBIE N. EFTEKAR  MICHAEL D. JOHNSON

STEVEN S. VAHIDI
SVAHIDI@YUKELAW.COM

July 28, 2015

*Via ECF Filing*

The Honorable Haywood S. Gilliam, Jr.
U.S. District Court, Northern District of California
Courtroom 15
450 Golden Gate Avenue
San Francisco, California 94102

    Re:    Neil A. Jensen vs. BNSF Railway Company
            Case No. 3:13-cv-05955-HSG

Dear Judge Gilliam:

    During oral argument on July 9, 2015, Plaintiff's counsel stated that Dr. Galli prepared the letter (and Plaintiff's counsel did not) dated December 20, 2011, which Plaintiff submitted in opposition to BNSF's Motion for Summary Judgment. (*See* Pl.'s Opp., Exh. H.). Plaintiff's counsel's statement was inaccurate.

    BNSF submits three facsimiles from Plaintiff's counsel and one from Dr. Galli, showing that the December 20, 2011 letter was written by Plaintiff's counsel, <u>not</u> Dr. Galli.  BNSF submits these documents at this time because BNSF did not anticipate that Plaintiff's counsel would misrepresent the origin of the December 20, 2011 letter at oral argument.  In the interests of justice, BNSF humbly requests that the Court accept the attached documents in further support of its Motion. (*See* Civil L.R. 7-3).

1444778.1 / 81-028

ALSO ADMITTED IN:
∅ NEW JERSEY   † HAWAII
• NEW YORK   ‡ MARYLAND
♦ MASSACHUSETTS   ∆ KANSAS
♣ MINNESOTA   & MISSOURI
∇ WASHINGTON   * ILLINOIS
◊ NEVADA   ± ARIZONA

• LOS ANGELES
355 SOUTH GRAND AVE.
15TH FLOOR
LOS ANGELES, CA 90071
TEL 213.362.7777
FAX 213.362.7788

• SAN DIEGO
501 WEST BROADWAY
SUITE 800
SAN DIEGO, CA 92101
TEL 619.400.4872
FAX 619.400.4873

• SAN FRANCISCO
ONE MARKET ST.
SPEAR TOWER, 36TH FLOOR
SAN FRANCISCO, CA 94105
TEL 415.293.8424
FAX 415.293.8001

WWW.YUKELAW.COM

Case 4:13-cv-05955-HSG   Document 86   Filed 07/28/15   Page 2 of 3



Re: *Neil A. Jensen vs. BNSF Railway Company*
July 28, 2015
Page 2

On November 17, 2011, Plaintiff's counsel faxed a copy of the letter in final form to Dr. Galli for his signature. (*See* Exh. 42).[1] ("*[T]he enclosed letter has been drafted for your review, approval, and signature.*"). This November 17, 2011 letter is identical to the December 20, 2011 letter in every way. On November 28, 2011, Plaintiff's counsel sent a follow-up fax to Dr. Galli. (*See* Exh. 43). The November 28, 2011 letter is identical to the December 20, 2011 letter in every way. On December 20, 2011 Plaintiff's counsel faxed a third copy of the letter adding "Please see the enclosed letter for Dr. Galli to read & sign, it's even on his letterhead to save time (hopefully)!" (*See* Exh. 44).

On December 27, 2011, Dr. Galli signed Plaintiff's counsel's letter and returned it without any changes. (*See* Exh. 45). It is important to note that Plaintiff's opposition falsely claims Dr. Galli sent the letter to BNSF seven days earlier. (*See* Opp. at p. 11) ("On December 20, 2011, Dr. Galli sent a letter to BNSF HR director George Hill and attorney Andrea Hyatt re-iterating Jensen required 3-8 days off per month solely and specifically to rest his wrist."). This is, of course, impossible because Dr. Galli had not even signed the letter yet.

Dr. Galli testified that he did not know who wrote the December 20, 2011 letter, or how he had received it before signing it. (*See* BNSF Reply at Sec. III (A)(4)). But, Dr. Galli testified that signing such a letter at an attorney's request was *against his own practices*. Dr. Galli testified:

> Q. And if the attorney came to you and said I need you to prescribe three to eight days off per month for my client, you would refuse that request?
>
> A. Well, if an attorney sent a letter and had requested something like that, then what would be done is, first of all, a prescription wouldn't just be written for a work restriction of that nature. The patient would be called back in and it would have to be discussed with the patient.
>
> Q. Did that happen here?
>
> A. No.
>
> Q. Are you sure of that?

---

[1] All exhibit number citations are to the June 11, 2015 and July 28, 2015 Declaration of Steven S. Vahidi.

1444778.1 / 81-028



Re: *Neil A. Jensen vs. BNSF Railway Company*
July 28, 2015
Page 3

> A. That's not something that I do. I don't fold to wishes of either -- I went into medicine to practice the medicine. So, therefore, I simply treat my patient. And what I do may not be liked by an insurance company or by an employer or by a patient's attorney. But, it doesn't influence, I simply practice medicine that needs to be done to make the patient better.

(Exh. 39 at 58:17-59:9)

Accordingly, because the December 20, 2011 letter was not prepared by Dr. Galli and was instead written by Plaintiff's counsel, the letter is not a valid treatment plan under the FRSA because Section 20109(c)(2) protects treatment plans by physicians, not attorneys.[2]

                Respectfully Submitted,

                YUKEVICH | CAVANAUGH

                /s/ Steven S. Vahidi

---

[2] Plaintiff claims that the December 20, 2011 letter is a valid treatment plan under Section 20109(c)(2).[2] (*See* Pl.'s Opp. at p. 11 and Exh. H.).

1444778.1 / 81-028