UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

NEIL A. JENSEN,

             Plaintiff,

   v.

BNSF RAILWAY COMPANY

             Defendant.

No. 3:13-cv-05955-HSG (LB)

**ORDER RE DISCOVERY LETTER BRIEFS AT ECF NOS. 99, 101**

The plaintiff Neil Jensen alleges that his former employer BNSF Railway violated the Federal Rail Safety Act, 49 U.S.C. § 20109, when it charged him with rules violations, disciplined him, and fired him based on his absence from work, an absence that he claims was justified because he injured his wrist. (Complaint, ECF No. 1.[1]) The statute generally prohibits disciplining and firing employees for their protected conduct, which includes an employee's following the orders or treatment plan of a treating physician. *See* 49 U.S.C. § 20109(c)(2). The parties have two more discovery disputes. (*See* Letter Briefs, ECF Nos. 99 and 101.) The court initially scheduled a hearing, as is its practice. (*See* 8/21/2015 Docket Entry.) Mr. Jensen's counsel then informed the undersigned's courtroom deputy that he is in trial and unavailable until after September 10, 2015. The court finds the disputes suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b).

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of documents.

3:13-cv-05955-HSG (LB)
ORDER

1    As to the dispute in ECF No. 99, the court denies the motion to depose Mr. Jensen's employer. Dr. Granata is the appropriate deponent.

As to the dispute in ECF No. 101, the court denies the motion to exclude records. The court's job is to manage discovery disputes and decide (essentially) what is discoverable and what is not. To the extent that the disclosures here can be characterized as supplemental disclosures under Rule 26(e), the court cannot really tell whether they are timely, but it appears that (a) the plaintiff disclosed them when he realized they had not been disclosed, (b) their existence was not a secret because they were provided during the deposition of the plaintiff's expert Robert Johnson, and (c) more fundamentally, these are BNSF records. Whatever harm needs to be addressed will be done through the district judge's resolution of the pending motion to exclude the expert's testimony or can be addressed through an *in limine* motion. There is no prejudice that the court can ascertain. The court does not find a discovery violation on this record.

This disposes of ECF Nos. 99 and 101.

**IT IS SO ORDERED.**

Dated: August 24, 2015

_____
LAUREL BEELER
United States Magistrate Judge

3:13-cv-05955-HSG (LB)
ORDER
2