UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL A. JENSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>        Defendant. | Case No. 13-cv-05955-HSG<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 60 |

Pending before the Court is Defendant BNSF Railway Co.'s motion for summary judgment on Plaintiff's single cause of action. Dkt. No. 60. For the reasons articulated below, the motion is DENIED.

## I. LEGAL STANDARD

Summary judgment is proper where the pleadings and evidence demonstrate "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material issue of fact is a question a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party bears "the initial responsibility of informing the district court of the basis for its motion." *Celotex*, 477 U.S. at 323. To satisfy this burden, the moving party must demonstrate that no genuine issue of material fact exists for trial. *Id.* at 322. To survive a motion for summary judgment, the non-moving party must then show that there are genuine factual issues that can only be resolved by the trier of fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736,

1   738 (9th Cir. 2000).  To do so, the non-moving party must present specific facts creating a genuine
2   issue of material fact.  Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 324.
3        The court must review the record as a whole and draw all reasonable inferences in favor of
4   the non-moving party.  *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).
5   However, unsupported conjecture or conclusory statements are insufficient to defeat summary
6   judgment.  *Id.*  Moreover, the court is not required "to scour the record in search of a genuine issue
7   of triable fact," *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996) (citations omitted), but rather
8   "may limit its review to the documents submitted for purposes of summary judgment and those
9   parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*,
10  237 F.3d 1026, 1030 (9th Cir. 2001).

**II.  DISCUSSION**

Plaintiff alleges a single cause of action for violation of § 20109 of the Federal Railroad Safety Act ("FRSA").  To prevail, Plaintiff must show by a preponderance of the evidence that (1) he engaged in protected activity; (2) his employer knew that he engaged in the protected activity; (3) he suffered an adverse personnel action; and (4) the protected activity was a contributing factor to the adverse action.  *Araujo v. N.J. Transit Rail Operations*, 708 F.3d 152, 157 (3d Cir. 2013).  If Plaintiff satisfies this burden, Defendant may avoid liability if it proves by clear and convincing evidence that it would have terminated Plaintiff even if he had not engaged in protected activity.  *Id.*

Applying the well-settled standard for summary judgment, the Court finds that Plaintiff has presented enough evidence to give rise to triable issues of material fact.  The parties vigorously dispute, among other things, (1) whether the January 3, 2011 letter from Dr. Galli may reasonably be interpreted as instructing Plaintiff to take three to eight days off *in addition to* his regularly scheduled days off each month; (2) which, if any, of the layoffs taken by Plaintiff were protected activity; (3) whether any protected activity was a contributing factor to Defendant's termination of Plaintiff; (4) whether the evidence shows that Plaintiff would have been terminated regardless of any protected activity; and (5) whether the evidence shows that Defendant's termination of Plaintiff was malicious or reckless, such that punitive damages are warranted.  The Court cannot

decide these issues as a matter of law on the basis of the present record.

Plaintiff's alleged third Attendance Guidelines violation presents a specific example of the factual complexity of this case that precludes its resolution on summary judgment. The alleged third violation arose during the April-June 2011 time period, during which Plaintiff missed two days in April, two days in May, and ten days in June. Dkt. No. 60-28. Plaintiff stated during the investigation that all of those absences were occasioned by the need to rest his wrist, in accordance with Dr. Galli's treatment plan, and Defendant does not present any evidence to the contrary. Dkt. No. 60-27 at 21:10-26. However, Dr. Galli prescribed a maximum of eight days of rest per month; therefore, taking all reasonable inferences in Plaintiff's favor, he missed two days total during the rolling three-month time period (the ten June absences less the prescribed eight days of rest). Defendant argues that these two days nevertheless exceeded the June 2011 absence threshold of one day. But Defendant appears to misapply its own Attendance Guidelines, which assess compliance "on a rolling three-month basis in order to better accommodate periods of intermittent illness" by combining "each monthly threshold to arrive at a single, three-month threshold against which it measures employees' attendance records." Dkt. No. 60 at 3 (internal quotation marks omitted) (citing Dkt. Nos. 60-2 & 60-3). Based on these disputed facts, a reasonable jury could conclude that (1) only two of Plaintiff's absences during the June-August 2011 time period were due to unprotected activity; (2) the total of two unprotected absences did not exceed the three-month absence threshold of three days, Dkt. No. 60-28; and (3) Defendant impermissibly based the alleged third Attendance Guidelines violation—and resultant discipline—on Plaintiff's protected activity.

The first, second, fourth, and fifth alleged Attendance Guidelines violations, as well as the intricacies of the material issues identified above, likewise present genuine disputes of fact that cannot be resolved at this stage of the litigation. Accordingly, Defendant's motion is DENIED.[1] The parties are directed to comply with Magistrate Judge Beeler's order regarding further

---

[1] The Court did not consider any supplemental evidence submitted after the hearing on the motion for summary judgment. Furthermore, the Court did not rely on any of the evidence objected to by the parties. Therefore, those objections are OVERRULED AS MOOT. *See* Dkt. Nos. 68, 72, 80, 86-87, 93.

3

1  settlement conference activities, *see* Dkt. No. 98, within five days of the date of this Order. The
2  parties are further directed to timely comply with the pretrial filing deadlines set forth in this
3  Court's Civil Pretrial and Trial Standing Order, in the event the case does not settle before the
4  arrival of those deadlines.

**IT IS SO ORDERED.**

Dated: August 27, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge