UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL A. JENSEN,<br><br>    Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>    Defendant. | Case No. 13-cv-05955-HSG<br><br>**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Re: Dkt. No. 203 |

A seven-day jury trial in this action brought under the Federal Railway Safety Act ("FRSA") began on October 26, 2015. Dkt. No. 169. On November 3, 2015, the jury returned a verdict in favor of Defendant BNSF Railway Co., finding that Plaintiff Neil Jensen failed to prove a violation of the FRSA. Dkt. No. 210.

Plaintiff filed a motion for judgment as a matter of law under Federal Rule of Civil Procedure 50, as well as a motion to strike affirmative defenses, on November 3, 2015. Dkt. No. 203. The Court did not grant the motions.[1] Plaintiff renewed his motion for judgment as a matter of law following publication of the jury's verdict. Tr. at 1228:21-25. Defendant filed an opposition, Dkt. No. 218, and Plaintiff filed a reply, Dkt. No. 220. For the reasons articulated below, the renewed motion for judgment as a matter of law is DENIED.

**I.   LEGAL STANDARD**

In considering a renewed motion for judgment as a matter of law, a court must uphold the jury's verdict if "substantial evidence" supports the jury's conclusion. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001). "Substantial evidence is evidence

---

[1] Under Rule 50(b), the Court thereby "submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion."

adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Id.* The Court must "view all the evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the nonmover, and disregard all evidence favorable to the moving party that the jury is not required to believe." *Castro v. Cnty. of Los Angeles*, 797 F.3d 654, 662-63 (9th Cir. 2015). Judgment as a matter of law "is appropriate when the jury could have relied only on speculation to reach its verdict." *Lakeside-Scott v. Multnomah Cnty.*, 556 F.3d 797, 803 (9th Cir. 2009).

## II. DISCUSSION

Plaintiff alleged a single cause of action for violation of § 20109(c)(2) of the FRSA. Dkt. No. 1. To prevail, Plaintiff had to show by a preponderance of the evidence that (1) he engaged in protected activity; (2) his employer knew that he engaged in the protected activity; (3) he suffered an adverse personnel action; and (4) the protected activity was a contributing factor to the adverse action. *Araujo v. N.J. Transit Rail Operations*, 708 F.3d 152, 157 (3d Cir. 2013); *see also* Dkt. No. 139-1 at 29 (Plaintiff's proposed jury instruction agreeing in substance with this characterization of the elements of his FRSA claim). If Plaintiff satisfied this burden, Defendant could avoid liability if it proved by clear and convincing evidence that it would have terminated Plaintiff even if he had not engaged in protected activity. *Araujo*, 708 F.3d at 157. Plaintiff sought compensatory damages—including back pay, front pay, lost benefits, and damages for emotional distress—and punitive damages.

The Court finds that substantial evidence supports the jury's conclusion that Plaintiff failed to show by a preponderance of the evidence that Defendant violated the FRSA. Most notably, the record contained ample evidence adequate to support the conclusion that Plaintiff did not engage in protected activity—*i.e.*, that his absences from work during the relevant time period were not occasioned by him "following orders or a treatment plan of a treating physician." 49 U.S.C. § 20109(c)(2). As Plaintiff notes, "Dr. Galli testified at trial . . . that the 3-8 intermittent days off per month were required to rest Jensen's injured wrist." Dkt. No. 220 ("Reply") at 1. But Defendant presented substantial evidence showing that Defendant provided at least eight rest days per month to Plaintiff that were not counted as unexcused absences. *See, e.g.*, Tr. at 452:23-

453:17.  Moreover, Defendant presented substantial evidence from which the jury could conclude that the December 20, 2011 letter signed by Dr. Galli indicating that Plaintiff should be provided 3-8 days off per month in addition to his regularly scheduled rest days was in fact written by Plaintiff's counsel for purposes of litigation, and thus did not amount to "orders or a treatment plan of a treating physician."  *See, e.g.*, Tr. at 811:19-813:4.  The Court therefore finds that the record contains more than adequate support for the jury's conclusion that Plaintiff did not prove each element of his case by the required preponderance of the evidence.  The totality of the record clearly demonstrates that the jury need not "have relied only on speculation to reach its verdict."  *Lakeside-Scott*, 556 F.3d at 803.

### III.  CONCLUSION

The standard for granting a renewed motion for judgment as a matter of law is high, and the Court must draw all reasonable inferences in favor of upholding the jury's verdict.  Plaintiff has not offered a sufficient basis to disturb that verdict.  For the foregoing reasons, Plaintiff's renewed motion for judgment as a matter of law is DENIED.[2]

**IT IS SO ORDERED.**

Dated: December 2, 2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] Because the jury did not need to reach Defendant's affirmative defenses, Plaintiff's arguments regarding those issues are moot.  Additionally, given its finding that substantial evidence supports the jury's conclusion that Defendant is not liable under the FRSA, the Court does not reach Plaintiff's argument regarding punitive damages.