UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEIL A. JENSEN,<br><br>        Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>        Defendant. | Case No. 13-cv-05955-HSG<br><br>**ORDER DENYING MOTION FOR NEW TRIAL**<br><br>Re: Dkt. No. 225 |

A seven-day jury trial in this action brought under the Federal Railway Safety Act ("FRSA") began on October 26, 2015. Dkt. No. 169. On November 3, 2015, the jury returned a verdict in favor of Defendant BNSF Railway Co., finding that Plaintiff Neil Jensen failed to prove a violation of the FRSA. Dkt. No. 210.

Pending before the Court is Plaintiff's motion for new trial. Dkt. No. 225. Pursuant to Civil Local Rule 7–1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing on this matter currently scheduled for February 4, 2016, at 2:00 p.m. For the reasons articulated below, Plaintiff's motion is DENIED.

**I.     BACKGROUND**

Plaintiff alleged a single cause of action for violation of § 20109(c)(2) of the FRSA. Dkt. No. 1. To prevail, Plaintiff had to show by a preponderance of the evidence that (1) he engaged in protected activity; (2) his employer knew that he engaged in the protected activity; (3) he suffered an adverse personnel action; and (4) the protected activity was a contributing factor to the adverse action. *Araujo v. N.J. Transit Rail Operations*, 708 F.3d 152, 157 (3d Cir. 2013); *see also* Dkt. No. 139-1 at 29 (Plaintiff's proposed jury instruction agreeing in substance with this characterization of the elements of his FRSA claim). If Plaintiff satisfied this burden, Defendant

could avoid liability if it proved by clear and convincing evidence that it would have terminated Plaintiff even if he had not engaged in protected activity. *Araujo*, 708 F.3d at 157. Plaintiff sought compensatory damages—including back pay, front pay, lost benefits, and damages for emotional distress—and punitive damages.

## II.     DISCUSSION

### A.     Legal Standard

Under Federal Rule of Civil Procedure 59(a)(1), a court "may, on motion, grant a new trial on all or some of the issues." A court may grant a new trial "if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (internal quotation marks omitted). A judge should not grant a new trial unless "left with the definite and firm conviction that a mistake has been committed." *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372 (9th Cir. 1987) (internal quotation marks omitted). In considering a Rule 59(a) motion for a new trial, the Court "is not required to view the trial evidence in the light most favorable to the verdict. Instead, the district court can weigh the evidence and assess the credibility of the witnesses." *Experience Hendrix LLC v. Hendrixlicensing.com Ltd*, 762 F.3d 829, 842 (9th Cir. 2014).

### B.     Analysis

Plaintiff presents three arguments in support of its motion for new trial: (1) defense counsel misstated the applicable law during closing argument; (2) defense counsel engaged in attorney misconduct; and (3) the verdict rendered was against the clear weight of the evidence.

#### 1.     Misstatement of Applicable Law

Plaintiff first argues that defense counsel misstated the applicable law regarding the protected activity at issue in this case—namely, "following orders or a treatment plan of a treating physician." FRSA § 20109(c)(2). In closing argument, defense counsel argued at times that the doctor's note presented by Plaintiff at trial was not a treatment plan because it was not "by" Plaintiff's treating physician. Tr. at 1135:6-7. In other words, defense counsel substituted "by a treating physician" for "of a treating physician."

To clarify defense counsel's misstatement—which by all indications was inadvertent—the Court read the following jury instruction:

> Instruction Number 13 [which provided the correct statement of applicable law regarding FRSA treatment plans] provides the entire legal instruction that you must follow to determine liability under the FRSA. You should disregard any suggestion made in closing arguments that any different legal standard applies other than the one contained in Instruction Number 13.

*Id.* at 1222:16-20. The jury had paper copies of Instruction Number 13 to reference during its deliberations. Additionally, the Court separately instructed the jury that closing arguments were not evidence. *See id.* at 1190:1-7.

"District courts have wide discretion in crafting jury instructions, and this wide discretion carries over to a trial judge's response to a question from the jury." *United States v. Humphries*, 728 F.3d 1028, 1032 (9th Cir. 2013) (internal quotation marks omitted). A party "is entitled to a new trial if the instruction actually given was misleading or inadequate to guide the jury's deliberation." *United States v. Renzi*, 769 F.3d 731, 755 (9th Cir. 2014). Here, the Court's supplemental instruction clearly pointed the jury to the correct statement of law. The jury was properly instructed to consider the law as described by the Court, not counsel. The Court finds that the curative jury instruction was sufficient, and therefore finds that Plaintiff is not entitled to a new trial.[1]

### 2. Attorney Misconduct

Second, Plaintiff argues that, in addition to the purported misstatement of law described above, defense counsel committed egregious attorney misconduct by personally attacking Plaintiff's counsel, maligning Plaintiff's character, discrediting Dr. Galli, Plaintiff's treating physician who testified at trial, and misrepresenting another witness' testimony. The Court finds that all of the alleged misstatements of fact described by Plaintiff were fair characterizations of the

---

[1] Plaintiff's proposed jury instruction was supported by neither the evidence introduced at trial nor the law. Plaintiff requested the Court to instruct the jury, based on the California Business and Professions Code, that "'of a treating physician' includes the plan of an authorized physician's assistant." Tr. at 1215:21-24. Plaintiff offered no evidence whatsoever or relevant FRSA authority on this point.

3

1 evidence produced at trial and therefore did not prejudice Plaintiff in any way warranting a new
2 trial.

### 3. Clear Weight of the Evidence

Finally, Plaintiff argues that the jury's verdict goes against the clear weight of the evidence. Plaintiff's arguments in this regard overlap substantially with those advanced in support of its motion for judgment as a matter of law, which the Court denied. Dkt. No. 226. The Court has considered the evidence and argument presented at trial, and concludes that the jury's verdict is not contrary to the clear weight of the evidence. As detailed in the order denying Plaintiff's motion for judgment as a matter of law, the Court finds that the evidence presented at trial reasonably supported the jury's verdict, which the Court is firmly convinced was not mistaken.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for new trial is DENIED.

**IT IS SO ORDERED.**

Dated: 1/15/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge